## EDWARD JEROME V. STATE OF NEBRASKA.

### FILED MARCH 6, 1901.   No. 11,702.

1. **Malicious Shooting: MOTIVE: EVIDENCE.** On the trial of a person charged with the crime of maliciously shooting with intent to kill and wound it is not error to permit the state to show that the motive for the act was robbery.

2. **Hypothesis Implying Defendant's Guilt: EVIDENCE.** On the trial of a criminal case every hypothesis that implies the defendant's guilt, is pertinent, and any evidence fairly tending to sustain such hypothesis is relevant to the issue.

3. **Trial of Criminal Case: STATE'S REBUTTAL.** On the trial of a criminal case the state is under no legal obligation to produce evidence in rebuttal.

4. **Failure of Adversary to Produce Evidence.** A party can not be prejudiced in a legal sense by the failure of his adversary to produce evidence against him.

5. **Evidence: INSTRUCTIONS.** Rulings upon the admission and rejection of evidence, and upon the giving and refusal of instructions, examined and approved.

ERROR from the district court for Dodge county. Tried below before GRIMISON, J. *Affirmed.*

*F. Dolezal,* for plaintiff in error.

*Frank N. Prout, Attorney General,* and *Norris Brown, Deputy, contra.*

SULLIVAN, J.

The information upon which the defendant, Edward Jerome, was tried in the district court for Dodge county was drawn under section 16 of the Criminal Code and contained two counts, the first charging a malicious shooting with intent to kill, and the second a malicious shooting with intent to wound. There was an acquittal upon the first count and a conviction on the second. The questions raised by the petition in error and discussed by counsel are numerous, but none of them important or intrinsically difficult.

Jerome lived in the city of Fremont, where he was engaged in the confectionery and cigar business. Over his store was a card room, which is euphemistically described as a place where some people found entertainment and others experience. Jerome borrowed money from U. S. Pope, the complaining witness, and gave him as security a bill of sale of his stock and store fixtures. This indebtedness was afterwards paid by Jerome transferring to Pope a half interest in his business. One morning, about a week after· the parties became partners, Jerome stopped on his way down town and bought a revolver and five cartridges. He then proceeded to his place of business. He accosted Pope in a friendly manner, spoke about borrowing money and buying his interest in the store and then went up stairs to the card room. Soon afterwards he returned to the store and said that the roof of the building had been leaking, and that the card room was damaged and ought to be repaired. At his suggestion Pope then went with him to view the room. Immediately afterwards, either at the head of the staircase or in the gambling room, the defendant fired five shots at Pope, all of them, but one, taking effect. According to Pope's account of the transaction, Jerome, without any provocation whatever, said to him, "I will show you how to give me the worst of it," and commenced firing. The defendant testified that Pope said to him, "Jerome, you have got to get out of here; I have got to get rid of you," and because he refused to assent to the proposition assaulted him with a chair. According to all the testimony the parties had no previous quarrel or misunderstanding; and if either had a motive for assaulting the other, it was shown inferentially and not by direct proof.

The first assignment of error here necessary to consider arises on the ruling of the court permitting the state to show that Pope had money on his person at the time of the shooting and that Jerome knew it. This evidence was introduced on the theory that the defendant

was the aggressor and that his motive was robbery.   The hypothesis was a pertinent one; it implied that the defendant was guilty of the crime charged, and hence any evidence logically tending to sustain it was relevant to the issue.

The defendant complains because the prosecuting witness was not put upon the stand in rebuttal.   It was altogether discretionary with the state whether any evidence in rebuttal should be produced.   Besides, the ruling of the court upon this point was not, and could not have been, under any circumstances, legally prejudicial. There is an obvious logical difficulty in holding that a party has been injured because the testimony of his witnesses was not contradicted by his adversary.

The exceptions based upon the admission and rejection of evidence and upon the giving and refusal of instructions do not, in our judgment, present a single question that has not been, by the decisions of this and other courts, long since removed from the domain of legitimate discussion.   We have read with care the entire record in this case and are entirely satisfied that the defendant was given a fair and impartial trial, that the verdict rendered was a righteous one and that the district court did not err in refusing to set it aside.   The judgment is

AFFIRMED.